UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00174-TBR-LLK

N. EVANS on behalf of T.E., a minor                                                                PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                         DEFENDANT

### REPORT AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his/her claim for child disability benefits. [Doc. 1]. Plaintiff's brief in support of judicial review is at Doc. 21, and the Commissioner's fact/law summary in opposition is at Doc. 24. Pursuant to General Order No. 2019-11, the Court referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 9].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Child disability benefits claims

In this case, Plaintiff has filed two applications for child disability benefits on behalf of her son, who was nine years old at the time of the most recent application.

A child under age eighteen is deemed disabled if he / she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). A child is disabled if, among other things, his/her medical impairments meet, or are medically or functionally equal to, a listed impairment.

To functionally equal a listed impairment, the child must show "marked" limitation in two domains of functioning and/or "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

(i) Acquiring and using information;

(ii) Attending and completing tasks;

(iii) Interacting and relating with others;

(iv) Moving about and manipulating objects;

(v) Caring for yourself; and,

(vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

### Standard of judicial review

The scope of judicial review is limited to whether the findings of the ALJ are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently … and even if substantial evidence also supports the opposite conclusion." *Francis v. Comm'r*, 414 F. App'x 802, 805 (6th Cir. 2011). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Comm'r*, 139 S.Ct. 1148 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Applying the above standard to the facts of this case indicates that the Court should affirm the ALJ's findings regarding the six domains of functioning at 20 C.F.R. § 416.926a(b)(1) even if the Court would have found differently so long as the ALJ's finding are supported by substantial evidence.

### Background facts and procedural history

In June 2016, Plaintiff filed a prior application for child disability on behalf of T.E., who was born in June 2010. [Administrative Record, Doc. 11 at 63, 66]. In October 2018, the prior ALJ denied the claim, finding, among other things, that T.E.'s attention deficit hyperactivity disorder (ADHD) results in "less than marked" limitation in domains 1, 2, 3 and "no limitation" in domains 4, 5, 6. *Id.* at 66, 70-77.

In November 2019, Plaintiff filed the present application. *Id.* at 25. In July 2021, the present ALJ denied the claim, finding that T.E.'s ADHD and disruptive mood dysregulation disorder result in "less than a marked" limitation in domains 1, 2, 3 and "no limitation" in domains 4, 5, 6. *Id.* at 26, 28.

In September 2021, the present ALJ's decision became the Commissioner's final decision, subject to the present review, when the Appeals Council declined to disturb that decision. *Id.* at 5.

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ "erred as a matter of law by failing to properly weigh material evidence demonstrating [T.E.'s] aggressive behavior when interacting with others." [Doc. 21 at PageID.644].

Plaintiff argues that the ALJ's finding that T.E. has less than marked limitation in domain 3 (interacting and relating with others) is not supported by substantial evidence because it fails to take into account five school incidents occurring on March 21, 2019, April 23, 2019, January 10, 2020, October 2, 2020, and May 10, 2021, and T.E.'s behavioral hospitalization on June 1, 2019.

The argument is unpersuasive for five reasons.

First, the ALJ **did** consider four of these five school incidents[1] plus hospitalization noting that:

> … School records show the claimant was … suspended from school for one day in April 2019 after telling a student he would shoot him. … The claimant was evaluated at Vanderbilt University Medical Center on June 1, 2019, for aggressive behavior. His father and his father's family had recently exited from the claimant's life, which was felt to be the reason for an increase in his aggression. … He was placed at Rivendell Behavioral Health Hospital. … He was placed in in-school suspension on January 10, 2020, for less than a full day for calling another peer names

---

[1] While the ALJ's written decision did not mention that on March 21, 2019, T.E. received an in-school suspension for threatening a teacher [Doc. 11 at 321], this oversight does not warrant judicial disturbance of the Commissioner's final decision.

3

>during a class test. … A disciplinary report shows the claimant was put in in-school suspension for two days in October 2020 for throwing mulch at another child on the playground. He was suspended [from riding the school bus due to an incident] in May 2021.[2]

[Doc. 11 at 29-30, 32].

Second, Plaintiff has the burden of proven that T.E.'s impairment functionally equaled a listed impairment. *See Flores o/b/o K.K.F. v. Comm'r*, No. 4:18-CV-00047-HBB, 2019 WL 1427557, at *5 (W.D. Ky. Mar. 29, 2019) (collecting authorities for the proposition that "[i]t is well-established that claimants have the burden of bringing forth evidence establishing that their impairments meet, or are medically or functionally equal to, a listed impairment"). Plaintiff identifies no medical source opining limitations that functionally equal the listing.

Third, the ALJ found that T.E.'s behavioral issues are situational and that there is evidence "suggesting a parent-child issue rather than a disabling impairment." [Doc. 11 at 32]. Specifically, the ALJ noted that T.E.'s behavioral issues seem to be related to his father's exit from his life by incarceration and T.E.'s apparent unwillingness to live with his mother until after his father's return. In the meantime, T.E. lived with his grandmother, whom T.E.'s mother testified T.E. "listens better to." [Doc. 11 at 29, 30, 32, 34]. T.E.'s mother further testified that T.E.'s father was expected to get out of jail in July 2021, and that T.E. would then move back home with her. *Id.* at 32-33.

Fourth, T.E. is disabled if T.E. has an extreme limitation in domain 3. *See* 20 C.F.R. § 416.926a. The five incidents in question did not require the ALJ to find that T.E. has an extreme limitation in domain 3. *See C. H. v. Comm'r*, No. 4:20-CV-00114-HBB, 2022 WL 598484 (W.D. Ky. Feb. 28, 2022) (rejecting argument that there was "ample evidence of an extreme limitation in interacting and relating with others … [including] two threats to kill other students … frequently engaging in fighting and pushing … significant problems with disruptive behavior, impulse control, and emotional difficulties").

---

[2] The report of bus incident indicates that T.E. slapped a fellow rider and threw some papers across the aisle. [Doc. 11 at 321].

Fifth, T.E. is disabled if T.E. has a marked limitation in domain 3 and a marked limitation in domain 1 and/or 2. *See* 20 C.F.R. § 416.926a. Even if T.E. has a marked limitation in domain 3, the ALJ was not required to find that T.E. has a marked limitation in domain 1 and/or 2.

Plaintiff further argues that the ALJ's failure to take into account the five school incidents plus hospitalization is illustrated by the ALJ's finding, in weighing the testimony of T.E.'s mother, that:

> Overall, the testimony of the mother suggests some behavioral difficulties, but the alleged limitations are greater than can be supported by his positive response to medication without the need for formal mental health treatment such as counseling, an IEP [individualized education program] or 504 plan [under Section 504 of the Rehabilitation Act of 1973] at school, and teacher reports showing some difficulty, but nothing marked or extreme on a continuous basis to warrant any **school interventions other than sitting at the front of the class**.

[Doc. 11 at 33 (emphasis added)]. Plaintiff notes that, after the prior ALJ's decision, there were school interventions besides sitting at the front of the class, including school and bus suspensions.

The argument is unpersuasive because, in context, the ALJ did not find that the only school intervention, during the relevant timeframe, was sitting at the front of the class. Rather, the ALJ found that this was the only one that was "marked or extreme on a continuous basis." *Id.* at 33. The ALJ acknowledged that T.E. had "intermittent issues," which resulted in suspensions. *Id.* at 31.

### Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that the ALJ "erred as a matter of law by failing to properly evaluate the testimony of [T.E.'s] mother." [Doc. 21 at PageID.649].

As a lay witness, T.E.'s mother's testimony was "entitled to perceptible weight only if ... fully supported by the reports of the treating physicians." *Simons v. Comm'r*, 114 F. App'x 727, 733 (6th Cir. 2004) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983)).

Plaintiff's argument is unpersuasive for two reasons.

First, Plaintiff identifies no treating physician report that supports – much less "fully supports" – her lay testimony.

Second, even if the lay testimony was sufficiently supported by the treatment record, the ALJ gave the testimony "perceptible weight," finding it to be partially credible. [Doc. 11 at 33].

### Plaintiff's third argument is unpersuasive.

Third, Plaintiff argues that the ALJ "erred as a matter of law by improperly applying the doctrine of res judicata." [Doc. 21 at PageID.651].

The ALJ recognized that there was a prior, final decision in this case and that, because T.E. resides within the Sixth Circuit, *Drummond v. Comm'r*, 126 F.3d 837 (6th Circuit 1997) (Acquiescence Ruling 98-4(6)) applies. [Doc. 11 at 25]. The ALJ noted that the "[s]tate agency medical and psychological consultants adopted the findings of the prior Administrative Law Judge finding no significant change in the claimant's functioning since that [prior decision] date." *Id.* at 33. The ALJ found the findings of the state agency consultants to be "persuasive." *Id.* The ALJ adopted the findings of the prior decision with respect to the six domains of functioning due to lack of "significant change in the claimant's functioning since the prior Administrative Law Judge decision." *Id.*

Plaintiff argues that the ALJ's finding of lack of "significant change" in T.E.'s functioning since the prior decision failed to consider the "new and material evidence," including five school incidents plus hospitalization. [Doc. 21 at PageID.651, 653].

The argument is unpersuasive for three reasons.

First, as detailed above in connection with Plaintiff's first argument, the ALJ did consider these incidents plus hospitalization. [Doc. 11 at 29-30, 32].

Second, *Drummond* held that the second ALJ erred as a matter of law in finding that Drummond could perform medium work in light of the prior ALJ's finding that Drummond was limited to sedentary work and in light of an absence of evidence of "changed circumstances," i.e., medical improvement. *Drummond*, 126 F.3d at 842. In other words, the ALJ erred in **rejecting** the prior findings (and finding that

Drummond was less limited). There was no *Drummond* error in this case because the ALJ **accepted** the prior findings (and found that Plaintiff's limitations remain essentially the same).

Third, admittedly, *Drummond* has been extended to cases in which the ALJ accepted the prior findings. *Earley v. Comm'r*, 893 F.3d 929 (6th Cir. 2018). In such cases, the ALJ's finding of lack of changed circumstances must be based on a fresh look at the new evidence. *Id.* at 931. In this case, the ALJ's look at the new evidence was sufficiently fresh. A "fresh" look is not a "blind" look. *Id.* at 934. Where (as here), the second application is substantially the same as the prior one, "[w]hat's past likely will be precedent … as indeed it should be in a system designed to apply the law consistently to similarly situated individuals." *Id.* at 935.

## RECOMMENDATION

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

September 29, 2022

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

September 29, 2022

Lanny King, Magistrate Judge
United States District Court